# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICARDO GOINS<br>6018 Irving Street<br>Philadelphia, PA 19139<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEALTHCARE SERVICES GROUP, INC.<br>3220 Tillman Drive #300<br>Bensalem, PA 19020<br><br>　　　　　Defendant. | CIVIL ACTION NO.:<br><br>**CIVIL ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Ricardo Goins ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Healthcare Services Group, Inc. ("Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress Defendant's violations of the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family Medical Leave Act ("FMLA"). Plaintiff asserts that Defendant discriminated against him due to his disability, failed to accommodate Plaintiff due to his disability, and fired Plaintiff due to his disability and/or in retaliation for requesting a reasonable accommodation due to his disability.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to U.S.C. § § 1397 (b)(1) and b(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff has exhausted all administrative remedies required as a prerequisite to the filing of the instant ADA claims.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual who worked for Defendant in the state of Pennsylvania at the address set forth in the caption.

8. Defendant is a company that conducts business within the state of Pennsylvania at the address set forth in the caption.

9. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. In or around September 2022, Defendant hired Plaintiff as a Floor Technician.

12. During the week of September 23, 2024, Plaintiff was scheduled off from work from September 26 – 29th.

13. During the week of October 1, 2024, Plaintiff was scheduled off from work from October 4 – 9th.

14. On or around September 27, 2024, while on a scheduled day off, Plaintiff was involved in a motor vehicle accident and sustained injuries to his shoulder and lower back (hereinafter Plaintiff's "Medical Condition").

15. Plaintiff required medical attention for his Medical Attention.

16. Plaintiff contacted Supervisor James, informed him about his accident, his Medical Condition, and his need for leave from work to seek medical attention, and recover from same.

17. Defendant did not issue Plaintiff notification of his right to seek a leave of absence under the FMLA for his Medical Condition.

18. Rather, on or about September 29, 2024, Supervisor James contacted Plaintiff, requested a doctor's note from Plaintiff and informed Plaintiff he needed to discuss Plaintiff's future schedule with District Manager Brett Stevenson.

19. On or around October 9, 2024, Plaintiff provided Supervisor James with a return to work note with the following restrictions in place until November 9, 2024: 3 to 4 hour limit on walking, standing and sitting, and no bending, squatting, pushing, or pulling.

20. Supervisor James told Plaintiff he would forward his documentation to Manager Brett and Manager Brett would contact Plaintiff.

21. Defendant did not engage in the interactive process with Plaintiff to determine whether Plaintiff could return to work with the requested accommodation.

22. A few days later, Manager Brett fired Plaintiff allegedly due to attendance issues.

23. Defendant did not designate Plaintiff's leave from September 27, 2024 until his termination as FMLA protected.

24. Defendant fired Plaintiff due to his Medical Condition and/or because he required a leave of absence for his Medical Condition and/or because Plaintiff sought an accommodation for his Medical Condition.

25. On or about November 22, 2024, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dual filed with the Pennsylvania Human Relations Commission.

26. On or about February 19, 2026, the EEOC issued a Notice of Right to Sue related to Plaintiff's disability discrimination claims.

27. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the FMLA
### (Interference)

28. The foregoing facts are incorporated herein as if set forth in their entirety.

29. Plaintiff was an eligible employee under the definitional terms of the FMLA.

30. Plaintiff was employed by Defendant for at least twelve months.

31. Further, Plaintiff worked at least 1,250 hours for Defendant during the 12 months prior to her need for leave.

32. Defendant is engaged in an industry affecting commerce and employed fifty of more employees for twenty or more calendar workweeks.

33. Plaintiff required time off from work due to his Medical Condition.

34. Plaintiff's Medical Condition constituted a serious health condition within the meaning of the FMLA.

35. Plaintiff was entitled to receive leave under the FMLA for up to twelve workweeks, and Defendant was not permitted to interfere with Plaintiff's right to same.

36. Defendant interfered with Plaintiff's FMLA rights by failing to provide notice of his right to take FMLA leave.

37. Defendant interfered with Plaintiff's FMLA rights by firing him to prevent him from taking further FMLA leave.

## COUNT II
**<u>Violations of the FMLA</u>**
**(Retaliation)**

38. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Defendant retaliated against Plaintiff by firing him for taking a leave of absence that Defendant should have designated as FMLA protected.

41. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
**<u>Violations of the ADA</u>**
**(Disability Discrimination)**

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

44. At all times relevant herein, Defendant employed Plaintiff as an "employee" within the meaning of the ADA.

45. At all time relevant herein, Plaintiff's Medical Condition rendered him an individual with a disability under the ADA.

46. The ADA prohibits employers, such as Defendant, from terminating an employee due to their disability.

47. Defendant fired Plaintiff because he suffered from a disability.

48. Defendant's actions as foresaid constitute violations of the ADA.

49. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT IV
### Violations of the ADA
**(Failure to Engage in the Interactive Process)**

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. The ADA requires employers, such as Defendant, to engage in an interactive process with its employees when determining the reasonable accommodations for their Medical Conditions.

52. Defendant violated Plaintiff's rights under the ADA by failing to engage with Plaintiff in an interactive process regarding Plaintiff's request for a reasonable accommodation for his Medical Condition.

53. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT V
### Violations of the ADA
**(Failure to Accommodate)**

54. The foregoing paragraphs are incorporated herein as if set forth in full.

55. Plaintiff's Medical Condition constitutes a disability within the meaning of the ADA.

56. Plaintiff requested Defendant provide him with an accommodation in the form of time off due to his Medical Condition.

57. Defendant could have easily provided Plaintiff with the accommodation but failed to do so by terminating Plaintiff.

58. Defendant's actions violate the ADA.

59. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT VI
## Violations of the ADA
### (Retaliation)

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. Defendant terminated Plaintiff for seeking an accommodation for his Medical Condition.

62. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT VII
## Violations of the PHRA
### (Failure to Engage in the Interactive Process)

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PHRA.

65. At all times relevant herein, Plaintiff was employed by Defendant as an "employee".

66. The PHRA requires employers, such as Defendant, to engage in an interactive process with its employees when determining the reasonable accommodations for their medical conditions.

67. Defendant violated Plaintiff's rights under the PHRA by failing to engage with Plaintiff in an interactive process regarding Plaintiff's request for a reasonable accommodation for their medical condition.

68. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT VIII
## Violations of the PHRA
## (Failure to Accommodate)

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. The PHRA requires employers, such as Defendant to provide reasonable accommodations for its employees.

71. Defendant violated Plaintiff's rights under the PHRA when it refused to provide reasonable accommodations for Plaintiff's medical condition.

72. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT IX
## Violations of the PHRA
## (Disability Discrimination)

73. The foregoing paragraphs are incorporated herein as if set forth in full.

74. The PHRA prohibits employers, such as Defendant, from terminating an employee based of a medical condition.

75. Discrimination against an employee because of a medical condition constitutes disability discrimination under the PHRA.

76. Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff due to his medical condition.

77. As a result of Defendant's actions, Plaintiff has suffered damages.

## COUNT X
## Violations of the PHRA
### (Retaliation)

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. The PHRA prohibits employers, such as Defendant, from retaliating against an employee because that employee requested reasonable accommodation for a medical condition.

80. Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff because he required reasonable accommodation for his medical condition.

81. As a result of Defendant's actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining their illegal policy, practice, or custom of discriminating against employees based on their need to take FMLA qualifying leaves or based on a disability;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquated damages sought under the FMLA);

      D.        Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

      E.        Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      F.        Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

      G.        Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate.

      H.        Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
9 Tanner Street Ste 101
Haddonfield, NJ 08033
Ph: (856) 685-7420
marora@swartz-legal.com
*Attorney for Plaintiff*

Dated: February 19, 2026

**DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.